UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO LANCE MATTHEWS,

  Movant,

                 File No. 1:09-CV-678

v.

                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

  Respondent.
             /

## **O P I N I O N**

This matter is before the Court on Movant Demario Lance Matthews's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1.) For the reasons that follow, this motion will be denied.

### I.

Movant was indicted on February 28, 2008, for knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Movant pleaded guilty to the sole count of the indictment on May 12, 2008, without a written plea agreement. On July 21, 2008, this Court sentenced Movant to 78 months of incarceration and 36 months of supervised release. *United States v. Matthews*, File No. 1:08-CR-52, Dkt. No. 31 (W.D. Mich. July 24, 2008). Movant filed his § 2255 motion on July 22, 2009.

### II.

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an

error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of

2

the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks relief based on ineffective assistance of counsel, for which he has three distinct claims: (1) Counsel failed to file notice of appeal despite Movant's request that she do so; (2) Counsel failed to object to the two-level enhancement under U.S.S.G. § 2K2.1(b)(4); and (3) Counsel failed to object to the reasonableness of his sentence. (Dkt. No. 1.)

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

3

**A. Failure to file a notice of appeal**

Movant's first claim is that Counsel was ineffective because Counsel failed to file a notice of appeal upon Movant's alleged request to do so. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As a result, the Court will "presume[] prejudice with no further showing from the defendant on the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484.

Movant alleges in his motion to vacate and in a separate affidavit that he told Counsel to file a notice of appeal. (Dkt. Nos. 1, 3, Aff. of Movant.) The government, in its response, cites the affidavit of Movant's counsel which claims that Counsel was told *not* to file an appeal after consulting with Movant. (Dkt. No. 8, Ex. A, Aff. of Ms. Judith Raskiewicz, ¶ 6.) Because Counsel consulted with Movant regarding the possibility of an appeal, Movant must show by a preponderance of the evidence that he expressly requested that Counsel file a notice of appeal, and Counsel failed to do so. *See Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980)). Counsel states that Movant "indicated to counsel that he did not want to appeal." (Dkt. No. 8, Ex. A, ¶ 6.) Counsel sent Movant a letter on July 22, 2008, referencing Movant's indication that he did not want to appeal. (Dkt. No. 8, Ex. C.) The letter also reminded Movant of his right to appeal, stated the amount of time he had to file, and gave instructions

4

to contact Counsel by returning a self-addressed, stamped envelope if Movant changed his mind. (*Id.*) Movant did not reply to Counsel. (Dkt. No. 8, Ex. A, ¶ 8.) A defendant who instructs counsel not to file a notice of appeal has no basis to claim ineffective assistance of counsel for failure to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

Movant alleges that he requested Counsel to file notice of appeal, but his claim is contradicted by the affidavit of Counsel as well as the copy of the letter that Counsel sent to Movant immediately following sentencing. (File No. 1:09-CV-678, Dkt. No. 8, Exs. A, C, ¶ 6.) Movant has not overcome the presumption of effective assistance of Counsel in this matter based on the record. Accordingly, Movant's first claim will be dismissed because Movant's allegations cannot be accepted as true in light of the record.

**B. Failure to object to the two-level enhancement under § 2K2.1(b)(4).**

Movant's second claim is that Counsel was ineffective for failing to object to the two-level enhancement under § 2K2.1(b)(4) for possessing a stolen firearm. The two-level enhancement applies in any case where the firearm in possession of the defendant was stolen, regardless of the defendant's knowledge or state of mind. *See* U.S.S.G. § 2K2.1, comment. (n. 8(B)). Any objection to the two-level enhancement would have been frivolous because under no circumstances could the defendant have denied the appropriate application of § 2K2.1(b)(4). A lawyer does not perform deficiently or prejudice his or her client by failing to raise frivolous objections. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). "The defendant must show that there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A frivolous objection, if made, would not have affected the result of the proceeding. Counsel was not ineffective for failing to raise an objection to the two-level enhancement.

In addition to Movant's allegation that Counsel failed to object to the two-level enhancement, Movant claims that he was not informed that the pre-sentence investigation could alter the predicted sentencing guidelines. But Movant was informed of this possibility at his change of plea hearing. (File No. 1:08-CR-52, Dkt. No. 28, Tr. of Change of Plea Hr'g 8.) Movant also stated at sentencing that he had reviewed the pre-sentence report and was aware that his sentence could be enhanced. (File No. 1:08-CR-52, Dkt. No. 35, Tr. of Sent. 3.) The claim that Movant was not informed of the likelihood of the sentencing guidelines being affected by the pre-sentence report is without merit.

Further, Movant alleges that Counsel failed to raise a *Booker* violation based on the addition of the two-level enhancement. *Booker v. United States,* 543 U.S. 220 (2005). A *Booker* violation applies only when a fact that has not been determined by a jury is used to enhance a sentence beyond the prescribed statutory maximum. *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). The Sixth Circuit has "declined to require that enhancements imposed pursuant to the Guidelines be found by a jury beyond a reasonable doubt as long as the sentence imposed does not exceed the statutory maximum." *United States v. Woods*, 39 F. App'x 72, 75 (6th Cir. 2002). Movant pled guilty to the charge of felon in possession of a

firearm which carried a statutory maximum of ten years. 18 U.S.C. § 924(a)(2). Movant was informed of the statutory maximum at the Change of Plea Hearing. (File No.1:08-CR-52, Dkt. No. 28, Tr. of Change of Plea Hr'g 6.) The sentence imposed was 78 months incarceration, well below the statutory maximum. (File No. 1:08-CR-52, Dkt. No. 29, Mins. Sent.) *Booker* does not apply and Counsel was not ineffective for failing to raise a frivolous objection to the sentence based on a *Booker* violation. *Booker v. United States,* 543 U.S. 220 (2005); *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Therefore, Movant's second claim will be dismissed for lack of merit.

**C. Failure to object to the reasonableness of Movant's sentence.**

Movant also claims generally that Counsel was ineffective because he "requested that counsel challenge the reasonableness of the sentence imposed" and Counsel failed to do so. (Dkt. No. 1, Motion to Vacate 8.) Movant does not give any facts to support why the failure to object to the sentence was unreasonable or prejudicial. No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or *conclusions rather than statements of fact*." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (emphasis added). Because Movant's general claim that Counsel failed to object to the reasonableness of his sentence contains no statement of facts on which to base an objection, Movant's third claim will be dismissed.

The files and records in this case conclusively show that Movant is entitled to no relief

under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: September 27, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE